```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF OHIO
                              EASTERN DIVISION


Michael Conrad, et al.,         :

      Plaintiffs,               :

v.                              :       Case No. 2:15-cv-3127

                                :       JUDGE GEORGE C. SMITH
McDonald's Corporation, et al.,         Magistrate Judge Kemp
                                :
      Defendants.
                                :
```

REPORT AND RECOMMENDATION

This case is before the Court to consider a motion to remand filed by plaintiffs Michael and Tammy Conrad. (Doc. 13). Defendant Mac-Sto Restaurants, LLC ("Mac-Sto") has filed a response and the motion has been fully briefed. For the reasons that follow, it will be recommended that the motion to remand be denied.

I. Introduction

This is a personal injury case. Plaintiffs claim that while eating at a McDonald's restaurant in Barnesville, Ohio, a waterlogged ceiling tile fell and struck Michael Conrad, injuring his head and shoulders. They assert that Defendants' negligence played a part in the incident. Defendant McDonald's Corporation is a Delaware corporation, with its principal place of business in Oak Brook, Illinois, and Defendant Mac-Sto Restaurants, LLC is a West Virginia limited liability company with its principal place of business in Wheeling, West Virginia. The Conrads, Ohio residents, brought the present action on December 1, 2015 in the Belmont County, Ohio Court of Common Please seeking to recover damages in excess of $25,000, as well as punitive damages in excess of $25,000. Mac-Sto removed the case to this Court on December 30, 2015, based on diversity jurisdiction. (Doc. 1). On January 26,

2016, the Conrads moved to remand this case to the Belmont County court. (Doc. 13). They do not challenge diversity of citizenship, but submit that Mac-Sto has failed to prove that the amount in controversy exceeds $75,000.

## II. Summary of Claims

On July 27, 2015, a ceiling tile and debris at a McDonald's restaurant in Barnesville, Ohio, owned and/or maintained by defendants fell on and injured Mr. Conrad when he and Mrs. Conrad were patrons at the restaurant. The Conrads allege that the Defendants failed to exercise their duty of care to maintain its premises in a reasonably safe condition. They further claim that Defendants knew or should have known that the ceiling tile had the potential to fall into the dining area because the ceiling was water logged. According to the Conrads, an employee at the Barnesville McDonald's told them that the same portion of ceiling had fallen several times previously. On this basis they seek punitive damages because the Defendants had actual knowledge of the danger to customers but took no or inadequate steps to address the danger. (Doc. 1, Ex. A).

The Conrads claim that as a direct and proximate result of the defendants' negligence, Mr. Conrad "suffered injuries, to his head, neck, shoulder, back and various other parts of his body, some of which are reasonably certain to be permanent in nature" and has suffered pain and a diminishment in his ability to enjoy life and earn a living. They also seek compensation for medical expenses incurred and for which he is reasonably certain to incur in the future. Id. at 5. Mrs. Conrad alleges that she has suffered a loss of the "love, society, comfort, companionship, assistance and services" of Mr. Conrad and is reasonably certain to continue to suffer such losses. Id.

## III. Motion to Remand

The Conrads argue that this Court lacks jurisdiction over

this matter because the defendants have failed to show that the amount in controversy exceeds $75,000, and therefore it should be remanded to Belmont County Court.  Their primary argument relies on the precedent that removal should be "strictly construed" against the removing party.  (Doc. 13), citing Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989).  They also contend that the defendants have offered no proof and only speculation as to the amount in controversy.

In the brief in opposition, Mac-Sto argues that because the Conrads refused a request to stipulate to damages of less than $75,000, the conclusion should be that the amount in controversy is more than $75,000.  (Doc. 1, at 3).  Mac-Sto also points out that the Ohio Rules of Civil Procedure prohibit a specific demand of more than $25,000, "so the amount in controversy may be appropriately asserted in the Notice of Removal if supported by a preponderance of the evidence." (Doc. 16, at 2).  Mac-Sto further states that on the face of the complaint the Conrads seek both general damages and punitive damages each in excess of $25,000 (totaling $50,000), as well as interest, attorneys' fees, costs and "other specific or general relief that may become apparent." Id. The Conrads' reply brief reiterates their arguments in the Motion to Remand and further asserts that the defendants have not provided an adequate factual basis to support, by a preponderance of the evidence, their claim that the amount in controversy exceeds $75,000.  (Doc. 19).

For the reasons that follow, this Court agrees with Mac-Sto and will recommend that the Motion to Remand be denied.

## IV. Legal Standard

Removal is a process by which certain cases filed in a state court may be brought, by the defendant, to a federal court such as the United States District Court.  The right to removal is a statutory right, meaning that Congress has created the procedures

by which a case can be removed. Congress, of course, cannot create federal court jurisdiction - only Article III of the United States Constitution can do that - but it can pass laws which govern how cases which may constitutionally be heard by a federal court can be filed in such a court, and the removal statutes do exactly that.

The general right to remove a case filed in a state court is set forth in 28 U.S.C. § 1441(a). That statute says:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

This statute means what it says - that in order for a case to be removed from a state court to a federal court, the state case has to be one over "which the district courts of the United States have original jurisdiction...." The question then becomes whether the action which the Conrads filed in the Belmont County court is one which could originally have been filed here in the United States District Court, either based on diversity or the existence of a federal question. If not, Mac-Sto did not have the statutory right to remove it.

Before addressing that question, a few comments on the removal statute are in order. First, the Court almost always has to look just at the complaint filed by the state court plaintiff to see if the case can be removed - that is, to see if the complaint states a claim that could initially have been filed in a federal court if the plaintiff had chosen to do that. This is called the "well-pleaded complaint" rule. As the Supreme Court has explained it, this rule requires that the basis for removal to federal jurisdiction "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936).

-4-

The well-pleaded complaint rule doesn't allow the federal court to look at defenses in deciding if a case can be removed. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987). Also, the federal courts have to read the removal statutes narrowly - that is, the federal courts must resolve any doubts about removability in favor of keeping a case in the state court - because removing a case interferes with the state court's jurisdiction. See Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999); see also Long v. Bando Mfg. Co. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000) ("because they implicate federalism concerns, removal statutes are to be narrowly construed").

28 U.S.C. §1332(a) sets forth the requirements for federal jurisdiction based on diversity of citizenship, where no plaintiff and no defendant are citizens of the same state, and the amount in controversy is $75,000 or greater. See McIntire v. Ford Motor Co, 142 F.Supp.2d 911, 920 (S.D. Ohio 2001). To satisfy the amount in controversy at least one plaintiff's claim must independently meet the required amount. Everett, 460 F.3d at 822. The $75,000 amount in controversy does not include, by statute, interest or costs. 28 U.S.C. § 1332(a). It also does not include attorneys' fees unless such fees are recoverable under a state statute or by contract. Williamson v. Aetna Life Ins. Co. 481 F.3d 369 (6th Cir. 2007). Punitive damages may be included in the calculation. Hayes v. Equitable Energy Resources Co., 266 F.3d 560, 572 (6th Cir. 2001). Moreover, unless it is apparent to a "legal certainty" that punitive damages cannot be recovered a court must consider such damages when determining whether a defendant has satisfied the jurisdictional amount. Id., citing Holley Equip. Corp. v. Credit Alliance Corp, 821 F.2d 1531, 1535 (11th Cir. 1987).

V. Discussion

The key issue in the present motion turns on whether the Mac-

Sto has met its burden to show that the amount in controversy for at least one plaintiff's claim independently exceeds $75,000. Thus, for the purposes of analyzing this Motion to Remand the Court will look to Mr. Conrad's claims only.  As noted above, a federal court has to look primarily at the complaint in order to determine if a case could have been filed there originally (and therefore removed if it was filed in state court instead). As the removing party, the defendant bears the burden of proving the amount-in-controversy requirement by a preponderance of the evidence.  Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006).  Mac-Sto concedes that it bears the burden of proof.  (Doc. 16, at 2).

Mac-Sto argues that because the Conrads refused a request to stipulate to damages of less than $75,000, the conclusion should be that the amount in controversy is more than $75,000.  A similar issue was considered in Leys v. Lowe's Home Centers, Inc., 601 F.Supp.2d 908 (W.D. Mich. 2009).  In Leys, plaintiffs, a married couple, brought a state court action against a retailer seeking to recover damages for personal injuries "in excess of $25.000" sustained when built up ice fell off the retailer's roof and struck one of them on the head.  The court, acting *sua sponte*, found subject matter jurisdiction lacking, based in part on the removing party's failure to meet its burden of establishing the amount in controversy exceeded $75,000.  Similar to this case, the defendants argued that plaintiffs' refusal to stipulate that the damages sought totaled less than $75,000 indicated that the amount in controversy was met.  The Leys defendants also argued that a settlement offer submitted to them by the plaintiffs that exceeded $75,000 to support their position on the amount in controversy. The district court rejected both of those arguments because the events had occurred subsequent to the filing of the complaint.  Id. at 914.

This Court is unconvinced that the Conrads' refusal to

stipulate to damages of below $75,000 at an early stage of the case proves that they seek more than that amount. The key distinction between the Leys plaintiffs and the Conrads is the fact that the Conrads also seek punitive damages in excess of $25,000. As discussed, supra, the Court must consider punitive damages unless it is apparent to a legal certainty that such damages cannot be recovered. The Conrads' claims are for general and punitive damages each in excess of $25,000 (emphasis added). In considering punitive damages courts must consider the degree of reprehensibility of the defendant's misconduct, the disparity between actual or potential harm suffered by the plaintiff, and the difference between punitive damages awarded by the jury and the civil penalties imposed in comparable cases. State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S.Ct. 1513 (2003). Punitive damages may be awarded where it is shown that the defendant had a conscious disregard for the rights and safety of other persons that has a "great probability of causing substantial harm." Preston v. Murty, 32 Ohio St.3d 334, (1987). If the Conrads are successful in their claim that the Defendants had actual knowledge of the danger posed by the ceiling and nevertheless failed to take adequate precautions, punitive damages might well be awarded.

A large disparity between actual damages and punitive damages is allowable because the punitive damages award is primarily linked to a defendant's behavior rather than to the plaintiff's loss. Wightman v. Consolidated Rail Corp., 86 Ohio St.3d 431 (1999). The Ohio Supreme Court has rejected the notion of a precise mathematical formula for calculating punitive damages, and although "few awards exceeding a single-digit ratio between punitive and compensatory damages" will be appropriate, but larger damages may be appropriate where conduct is particularly egregious. Blust v. Lamar Adver. Co., 157 Ohio App.3d 787, 805 (10th Dist.Ct.App. 2004), citing Barnes v. Univ. Hosps. Of Cleveland, 119 Ohio St.3d 173, 181 (2008).

Whether Mr. Conrad's claims will ultimately be successful is not relevant for the purposes of determining the amount in controversy, but a fair reading of the complaint must demonstrate that, if successful, it is more likely than not that damages will exceed the required amount. See Garza v. Bettcher Indus., Inc., 752 F.Supp. 753,763 (E.D. Mich. 1990). Looking to Mr. Conrad's damage claims, he has sought the following damages:

- injuries to his head, neck, shoulder, back and various other parts of his body, some of which are reasonably certain to be permanent in nature.

- past and future physical pain, annoyance, inconvenience, mental and emotional anguish, and a diminishment in his ability to fully function, enjoy life and earn a living.

- past and future medical bills related to his injuries

- lost wages, future lost wages and loss of earning capacity

A conservative reading of the complaint would suggest the above extensive past and future damages sought, if the claims are successful, could reasonably exceed the $50,000. Moreover, there is a possibility of punitive damages, which must be considered for this purpose. It is not uncommon for punitive damages greatly to exceed compensatory damages. See, e.g. Garrett v. Consolidated Rail Corp., 120 Ohio App.3d 378 (3rd District 1997) (affirming punitive damages of 60,000 times the compensatory damages); Villella v. Waikem Motors, Inc., 45 Ohio St.3d 36 (1989) (affirming award of punitive damages of $150,000 where actual compensatory damages were $250); Grybauskas v. Associated Estates Corp. 51 Ohio App.2d 231 (11th District 1976) (affirming award of punitive damages of $20,000 on actual loss of $47.95). In light of the Ohio Rules' prohibition on specifying an amount above $75,000, the Court believes that a fair reading of the complaint demonstrates by a preponderance of the evidence that the amount in controversy for federal diversity jurisdiction is met.

### VI. Recommended Disposition

For the reasons set out above, the Court recommends that the Conrads' motion to remand (Doc. 13) be denied.

### VII. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, an  also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp  
United States Magistrate Judge